IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| v. | NO. 17-442 |
| DARRELL JOHNSON | |

## MEMORANDUM OPINION

According to the Superseding Indictment, in April 2017, Defendant Darrell Johnson robbed a 7-Eleven, Dunkin Donuts, and Rite Aid by using a semi-automatic pistol. Johnson allegedly pointed the gun at store employees while demanding money from them. A grand jury later returned an indictment against Johnson for committing Hobbs Act robbery, 18 U.S.C. § 1951(a), and brandishing a firearm during the commission of a crime of violence. 18 U.S.C. § 924(c).

Johnson now moves to dismiss certain counts of the Superseding Indictment for failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B)(v). In particular, Johnson contends that Hobbs Act robbery is not a crime of violence that falls within the scope of 18 U.S.C. § 924(c). Therefore, Johnson asserts that Counts II, IV, and VI, which allege violations of Section 924(c), should be dismissed.

A motion to dismiss under Rule 12(b)(3)(B) evaluates the "sufficiency of the government's pleadings to . . . ensur[e] that legally deficient charges do not go to a jury." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012) (quoting *United States v. Bergrin*, 650 F.3d 257, 268 (3d Cir. 2011)). If specific facts, as alleged, "fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation," the "indictment fails to state an offense." *Id*. All facts alleged in the indictment must be taken as true. *Id.*

*United States v. Robinson*, 844 F.3d 137 (3d Cir. 2016) warrants denial of Defendant's motion to dismiss. Indeed, *Robinson* held that Hobbs Act robbery is a crime of violence under Section 924(c) when a defendant brandishes a firearm in connection with Hobbs Act robbery. 844 F.3d at 144 ("In addition to being convicted of Hobbs Act robbery, Robinson was convicted of brandishing a firearm while committing Hobbs Act robbery. The question, therefore, is not 'is Hobbs Act robbery a crime of violence?' but rather 'is Hobbs Act robbery *committed while brandishing a firearm* a crime of violence?' The answer to this question must be yes."). Because the Government alleged that Johnson brandished a firearm during a Hobbs Act robbery with respect to Counts II, IV, and VI, the Government has stated an offense in the indictment. *See id.* Defendant's motion to dismiss shall accordingly be denied.

An appropriate order follows.

**BY THE COURT:**

**/s/ Wendy Beetlestone**
_____
**WENDY BEETLESTONE, J.**

**Date: 2/22/18**